**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------- x
Edwin Santana; and Geraldo Busanet,    :         **Civil Action No.**
                                       :
             Plaintiff,                :         **COMPLAINT**
  - against -                          :
                                       :
K.J.C., Inc d/b/a K.J.C. Waterproofing,:
BPM Contracting LLC, Vincent Capazzi,  :
Karen Capazzi, and Gary Capazzi        :
                                       :
             Defendants.               :
------------------------------------------------- x

Plaintiffs Edwin Santana and Geraldo Busanet, (collectively, the "Plaintiffs"), on behalf of themselves, by and through their attorney, Mohammed Gangat, Esq., file this Complaint against defendants K.J.C., Inc d/b/a K.J.C. Waterproofing, BPM Contracting LLC, Vincent Capazzi, Karen Capazzi, and Gary Capazzi (collectively, the "Defendants"), and allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), they and a proposed class of others similarly situated are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law "NYLL", they and a proposed class of others similarly situated are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for each day they worked in excess of ten (10) hours; (3) damages for failure to give required notices and wage statements; (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (5)

prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the plaintiffs reside in the district, the defendants do business in the district, and the majority of the conduct making up the basis of the complaint took place in the district.

5. Plaintiff Santana is a resident of County of New York, State of New York.

6. Plaintiff Busanet is a resident of County of Bronx, State of New York.

7. Plaintiff Santana's employment spanned 2015-2020. He averaged 50 hours per week, to his recollection. His regular pay rate was initially $12 per hour and he was later raised to $15 and then $18. He worked overtime routinely throughout the employment period but was not paid the required overtime rate for these hours.

8. During the employment, Plaintiff Santana worked at several job sites, including Riverside Center Building 4; 515 West 18th Street; 200 East 95th Street; 543 West 122nd Street; and Hudson Park.

9. Plaintiff Busanet began working for the company in or about 2015 and ended in March 2020. His regular pay rate initially was $12 per hour, and over the course of the employment, he received an increase to this rate, eventually bringing the rate to $20 at the time the employment ended. His hours generally were from 7am-5pm or later. He always reported at 7am for the start of work, but the end of the day time depended on various factors and the end-time varied each day. He worked overtime routinely throughout the employment period but was

not paid the required overtime rate for these hours.

10. During the employment, Plaintiff Busanet worked at at least seven different job sites located throughout Queens, NY and Yonkers, NY; and one job site in New Jersey.

11. K.J.C. Inc d/b/a K.J.C. Waterproofing, Inc. (the "Corporate Defendant" of "KJC") is a domestic corporation registered to do business in New York, with a New York Department of State address for process listed 39 West Quackenbush Avenue, Dumont, NJ, 07628

12. BPM Contracting LLC (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as 140 Empire Blvd, Brooklyn, NY 11225.

13. Upon information and belief, Defendant Vincent Capazzi (the "Individual Defendant") is residing in the State of New Jersey.

14. Upon information and belief, Defendant Gary Capazzi (the "Individual Defendant") is residing is residing in the State of New Jersey.

15. Upon information and belief, Defendant Karen Capazzi (the "Individual Defendant") is residing is residing in the State of New Jersey.

16. Upon information and belief the Individual Defendants are each an owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendants.

17. The Individual Defendants actively participate in the day-to-day operations of each of the Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and are each jointly and severally liable with the Corporate Defendants.

18. The Corporate Defendants, individually and/or jointly, controlled the employment of Plaintiffs and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiffs' employment, among other employment functions.

19. The Corporate Defendants share common management and are centrally controlled and/or owned by the Individual Defendant.

20. Upon information and belief, the Individual Defendants has had control over and the power to change compensation practices for all employees of the Corporate Defendants.

21. Upon information and belief, the Individual Defendants has had the power to determine employee policies for employees the Corporate Defendants, including, but not limited to, time-keeping, payroll policies, and policies governing the allocation of tips and/or gratuities.

22. Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendants are and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA in that Defendants (i) have and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and had an annual gross volume of sales of not less than $500,000.

23. Defendants continuously employed Plaintiffs to work as non-exempt employees.

24. The work performed by Plaintiffs was essential to the businesses operated by Defendants.

25. Defendants knowingly and willfully failed to pay Plaintiffs his lawfully earned wages for each hour of employment in direct contravention of the FLSA and New

York Labor Law's minimum wage requirements.

26. Defendants knowingly and willfully failed to pay Plaintiff their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

27. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

28. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

29. Plaintiffs performed substantially similar duties of performing general labor or roofing and waterproofing projects.

30. Plaintiffs at all relevant times were covered employees within the meaning of the FLSA and NYLL.

31. At no point did Defendants inform Plaintiffs of the minimum wage or overtime provisions of the FLSA or the NYLL.

32. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the federal or New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

33. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

34. Defendants did not furnish Plaintiffs with an accurate statement with every

payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

35. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

36. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

37. Defendants failed to provide written notice concerning the terms of a commission program under which employees were eligible to receive commissions.

38. There is no written contract or other written document, signed or otherwise, reflecting the terms of the commissions program offered and administered by Defendants.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Minimum Wage and Overtime

39. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

40. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendants employed Plaintiffs within the

- 15 -

meaning of the FLSA.

42. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

43. Plaintiffs were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

44. Plaintiffs were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

45. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

46. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

47. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Proposed FLSA Collective members at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiffs.

48. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

49. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

50. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

51. Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

52. Plaintiffs and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay**

53. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

54. Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

55. Defendants knowingly and willfully violated the rights of by failing to pay Plaintiffs the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

56. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

57. Defendants failed to properly disclose or apprise Plaintiffs of their

rights under the New York Labor Law.

58. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

59. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

60. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

61. At the time of their hiring, Defendants failed to notify Plaintiffs of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

62. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

63. Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements**

64. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

65. Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

66. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

67. Defendants have willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

68. Through their knowing or intentional failure to provide Plaintiffs with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

69.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

70.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, on behalf of themselves, respectfully request that this Court grant the following relief:

  i. An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;

  ii. An award of unpaid "spread of hours" premium due under the New York Labor Law;

  iii. An award of unpaid commissions due under the New York Labor Law;

  iv. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

  v. An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

  vi. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

  vii. Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

  viii. An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL

  ix. An award of prejudgment and post-judgment interest;

x.  An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

xi.  Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
       September 22, 2020

**LAW OFFICE OF MOHAMMED GANGAT**

_____
MOHAMMED GANGAT, ESQ.
675 THIRD AVENUE, SUITE 1810
NEW YORK, NY 10017
718-669-0714
mgangat@gangatpllc.com