# Law Office of Mohammed Gangat

*Representing Workers in Employment Litigation*

675 Third Avenue, Suite 1810<br>
New York, NY 10017<br>
Direct Dial: (718) 669-0714<br>
Office: (646) 556-6112<br>
mgangat@gangatpllc.com<br>
Fax: (646) 496-9195

*Via ECF*

March 29, 2021

Hon. J. Paul Oetken (U.S.D.J)
U.S District Court, Southern District of New York,
500 Pearl Street,
New York, NY 10007

        <u>Re</u>:   <u>Edwin Santana and Geraldo Busanet v. K.J.C. Inc., et. al.
Case No. 1:20-cv-07848-JPO</u>

Greetings:

    I represent plaintiffs Edwin Santana and Geraldo Busanet in the above-referenced action (the "Action") and submit his letter jointly with counsel for defendants K.J.C. Inc., Vincent Capazzi, Gary Capazzi, and Karen Capazzi (collectively "Defendants") seeking the Court's approval of the settlement in this action, as per the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Counsel for Defendants K.J.C. Inc., Vincent Capazzi, Gary Capazzi, and Karen Capazzi has reviewed and approved this letter. The one other defendant in this action, defendant BPM Contracting LLC, has not appeared in this action but is being served a copy of this letter. If the settlement is approved, Plaintiffs will dismiss this action with prejudice as against all defendants.

    This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiffs as a result of the Defendants' alleged violations of these wage-and-hour laws, including failure to pay overtime, failure to pay spread of hours (i.e., an additional hour of pay for each workday in excess of ten hours per day), and failure to provide wage notices and accurate wage statements.

    Plaintiffs' initial disclosures, which were served on the defendants, calculated that Plaintiff Edwin Santana was owed approximately $51,310, and Plaintiff Geraldo Busanet was owed approximately $46,663. Plaintiffs in this action sought to recover an equivalent amount in liquidated damages; statutory penalties for wage notice and wage statement violations; plus prejudgment interest on all amounts; and attorneys' fees and costs. In sum, this action could have easily resulted in plaintiffs being awarded a large judgment against Defendants.

    Defendants KJC, Vincent Capazzi, Gary CApazzi and Karen Capazzi deny the allegations in the complaint and aver that the plaintiffs were not their employees and dispute the anount of the damages as well

The parties to this action by and through their attorneys have had multiple conversations ultimately arrived at a compromise figure, and a breakdown of the settlement amount, to resolve all claims, including attorneys' fees and costs, and the parties memorialized this in a written agreement to resolve this Action (the "Agreement") that is now being submitted to Your Honor for approval. (A copy of the Agreement is attached hereto as Exhibit A).

Pursuant to the Agreement, the $34,500 will be divided as follows:
1. **$12,064** to Plaintiffs' counsel reflecting $845 in expenses, including $410 filing fee and $435 process server's fees and one third of the remaining settlement after expense reimbursement for attorneys' fees: $11,219;
2. **$11,218** to Plaintiff Edwin Santana; and
3. **$11,218** to Plaintiff Geraldo Busanet.

In all, the Agreement is in line with the mandate from *Cheeks*. Keeping in line with the trend in the Circuit following *Cheeks*, the Agreement contains a limited release, which applies only to claims arising for wages or other compensation arising from Plaintiffs' alleged employment with the Defendants. There is no confidentiality provision; only a non-disparagement provision where the parties agree not to disparage one another and agree to not say or do anything that would harm the reputation of the other. Importantly, the non-disparagement provision where the parties retain the right to discuss matters related to this legal action with whomever they choose so long as the parties' statements are truthful.

This settlement is fair when comparing the potential recovery at trial to the settlement amount. It is also fair when considering Plaintiffs' counsel will keep 33.33% of the total settlement proceeds, with 66.66% going to the Plaintiffs, which represents a split of proceeds in line with what is commonly found in cases like this one.

Moreover, this is not a case where a settlement came about because of "overreaching" by any part. To the contrary, the settlement was the result of vigorous arm's-length negotiations occurring over many months involving counsel and the exchange of documentary evidence. The parties' counsels are experienced and well-versed in wage and hour law and duly counseled their respective clients on the benefits and risks of continued litigation. Settlement at this stage of the case for this amount constitutes the most efficient and effective conclusion to this litigation for all parties.

The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiffs and respectfully request that the Court approve the Agreement and permit the parties to submit the Stipulation of Voluntary Dismissal With Prejudice to the Court for So Ordering and filing with the Clerk of the Court.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

Law Office of Mohammed Gangat

_____
Mohammed Gangat, Esq.